**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| NOVITAZ, INC.,<br>a Delaware Corporation,<br><br>        Plaintiff and<br>        Counter-Defendant,<br><br>  v.<br><br>SHOPKICK, INC.,<br>a Delaware Corporation,<br><br>        Defendant and<br>        Counterclaimant | Case No. 3:13-CV-01613-JBA<br><br>JURY TRIAL DEMANDED |

## DEFENDANT SHOPKICK, INC.'S MOTION FOR STATUS CONFERENCE

In the interest of promoting judicial economy, Defendant shopkick, Inc. ("shopkick") respectfully requests a Status Conference with the Court to address important issues that have arisen recently that are materially affecting the direction and progress of this action. For example, Plaintiff Novitaz, Inc. ("Novitaz") has missed a deadline that is critical to the *Markman* claim construction process. Additionally, the parties have reached an impasse on the appropriate scope of a protective order governing the handling and dissemination of confidential information, thus impeding crucial discovery. Given the pendency of shopkick's Motion for Change of Venue Pursuant to 28 U.S.C. § 1404(a) (Dkt. 33), shopkick respectfully seeks a conference to discuss this Court's preference for addressing these issues.

During the March 12, 2014 pre-filing conference to address shopkick's planned transfer motion, the Court and the parties agreed that discovery would proceed here during the pendency of the motion, given that document production would be required—and presumably not duplicative—whether or not the Court transferred this case. Pursuant to the Court's March 13

-1-

Order (Dkt. 30), the parties completed briefing on the transfer motion on April 23 (Dkt. 36) and, in the interim, filed their Rule 26(f) Report on March 31 (Dkt. 34).

Subsequent to filing an agreed-upon schedule for discovery, however, the parties have been unable to agree on the appropriate scope of a protective order, which is having a materially adverse effect on the progress of this action.  For example, Novitaz believes that it should be permitted to disclose shopkick's highly confidential information to any outside consultant it desires (including a direct competitor of shopkick), without any prior notice or opportunity for shopkick to object.  The procedure for granting Novitaz access to shopkick's "crown jewels", *i.e.*, the company's computer source code, is also disputed.  For example, while shopkick has offered since April to make its source code available for inspection at its below-identified counsel's office in Connecticut—just 0.3 miles from the courthouse where Novitaz filed this action—Novitaz has never inspected the source code but rather insists that shopkick relinquish control and send its source code to Florida.  Additional disputes exist, including over Novitaz's belief that persons gaining access to shopkick's highly confidential information through this lawsuit should nonetheless be able to avoid a standard "prosecution bar" and participate in the drafting of new patent applications and claims that could later also be asserted against shopkick.

Moreover, despite agreeing to provide its Identification of Asserted Claims by May 30, 2014, Dkt. 34-1, Ex. A (Pretrial Deadlines), Novitaz has not identified the specific patent claims it intends to assert in this case.[1]  Given the critical nature of this fundamental first step in the *Markman* process, and the discovery stalemate,[2] shopkick seeks clarity from this Court now in

---

[1] Ironically, Novitaz nonetheless has expressed a desire to accelerate the *Markman* proceedings in this action, which makes no sense in light of the possibility of a transfer.

[2] Shopkick already produced non-confidential documents, and offered to produce confidential documents on the condition that Novitaz agree to protections until a Protective

order to reduce the cascading effect the parties' disputes have on the remainder of the pretrial deadlines in this case.[3]

For the foregoing reasons, Shopkick specifically requests a conference to discuss whether, in light of the pending transfer motion, the Court would prefer that the parties engage in motion practice now, or stay all such proceedings until after the Court has ruled on the transfer motion.

//

//

---

Order is entered.  Novitaz refused.  Novitaz has not produced a single document in this case, nor offered to do so on any terms or conditions.

[3] Given that Novitaz has (1) missed its first deadline in the *Markman* process (identifying asserted claims), (2) refused to inspect shopkick's source code in Connecticut, and (3) refused to agree to protections to allow shopkick's production of highly confidential information, shopkick expects that Novitaz will also miss the agreed-upon deadline to provide detailed infringement contentions.  Absent timely receipt of Novitaz's infringement contentions, shopkick will be prejudiced in its ability to provide invalidity contentions by July 21, as contemplated by the parties' agreed-upon schedule.

Dated: June 9, 2014               DEFENDANT SHOPKICK, INC.

/s/ Nagendra Setty
Nagendra Setty (phv06535)
George L. Kanabe (phv06536)
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Phone: (415) 773-5700
Fax: (415) 773-5759
Email: nsetty@orrick.com
Email: gkanabe@orrick.com

Andrew S. Ong (phv06537)
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025-1015
Phone: (650) 614-7400
Fax: (650) 614-7401
Emil: aong@orrick.com

and

Kevin M. Smith (ct24774)
WIGGIN AND DANA LLP
One Century Tower
265 Church Street
New Haven, Connecticut  06510
Phone: (203) 498-4400
Fax: (203) 782-2889
Email: ksmith@wiggin.com

ATTORNEYS FOR DEFENDANT
SHOPKICK, INC.

-4-

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| NOVITAZ, INC.,<br>a Delaware Corporation,<br><br>        Plaintiff and<br>        Counter-Defendant,<br><br>   v.<br><br>SHOPKICK, INC.,<br>a Delaware Corporation,<br><br>        Defendant and<br>        Counterclaimant | Case No. 3:13-CV-01613-JBA<br><br>JURY TRIAL DEMANDED |

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that, on June 9, 2014, a copy of the foregoing DEFENDANT

SHOPKICK, INC.'S MOTION FOR STATUS CONFERENCE was filed electronically and

served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by

email to all parties by operation of the Court's electronic filing system or by mail to anyone

unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may

also access this filing through the Court's CM/ECF System.

<br>

        /s/ Nagendra Setty
        Nagendra Setty (phv06535)
        ORRICK, HERRINGTON & SUTCLIFFE LLP
        The Orrick Building
        405 Howard Street
        San Francisco, CA 94105-2669
        Phone: (415) 773-5700
        Fax: (415) 773-5759
        Email: nsetty@orrick.com

OHSUSA:758206489.1